UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PLUM CREEK TECHNOLOGY, LLC,

    Plaintiff,

v.    Case No. 8:19-cv-1974-T-60CPT

NEXT CLOUD, LLC, and
SKYIGOLF, LLC,

    Defendants.
_____/

### **O R D E R**

This cause is before the Court *sua sponte* following a review of Plaintiff Plum Creek Technology, LLC's (Plum Creek) motion for default judgment against Defendant Next Cloud, LLC (Next Cloud) (Doc. 18) and its motion for leave to conduct discovery in aid of a default judgment against Defendant SkyiGolf, LLC (SkyiGolf) (Doc. 19). For the reasons set forth below, the Court defers ruling on these motions pending a resolution of certain threshold jurisdictional issues.

I.

Plum Creek initiated this action in August 2019 against Next Cloud and SkyiGolf, invoking the Court's diversity jurisdiction. (Doc. 1). In its complaint, Plum Creek alleges that it is a Colorado limited liability company with its principal place of business in Castle Rock, Colorado. *Id.* at 2. It additionally asserts that both

Next Cloud and SkyiGolf are limited liability companies with their principal places of business in Florida and that all of their members are citizens of Florida. *Id.*

The gist of Plum Creek's complaint is that Next Cloud failed to make payments to Plum Creek pursuant to a written consulting agreement, and that Next Cloud thereafter transferred its assets to SkyiGolf when Next Cloud's relationship with Plum Creek soured. *Id.* at 2-7. Based on these averments, Plum Creek asserts claims for breach of contract, quantum meruit, and account stated against Next Cloud, *id.* at 7-9, as well as violations of the Florida Uniform Fraudulent Transfers Act (FUFTA) against both Next Cloud and SkyiGolf, *id.* at 9-12. For relief, Plum Creek seeks monetary damages with respect to its first three claims against Next Cloud and injunctive relief with respect to its FUFTA claims against both Defendants.

Neither Next Cloud nor SkyiGolf responded to Plum Creek's complaint. As a result, the Clerk of Court entered defaults against both Defendants in September 2019. (Docs. 14, 15).

By way of its pending motions, Plum Creek seeks the entry of a default judgment against Next Cloud (Doc. 18), and leave to conduct discovery in aid of pursuing a default judgment against SkyiGolf (Doc. 19). Plum Creek also indicates that, instead of injunctive relief, it intends to seek monetary damages from SkyiGolf on its FUFTA claim. *Id.*

## II.

It is well established that federal courts have limited subject-matter jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). As such, they "are

obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (citation and quotation omitted); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (noting that courts should evaluate whether they have subject-matter jurisdiction "at the earliest possible stage in the proceedings"). Indeed, the Federal Rules of Civil Procedure provide that a court must dismiss an action "[i]f the court determines at *any time* that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3) (emphasis added).

Federal subject-matter jurisdiction may be predicated on either diversity of the parties or the presence of a federal question. *Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 F. App'x 11, 15 (11th Cir. 2010) (citing 28 U.S.C. §§ 1331, 1332). Irrespective of the basis alleged, a complaint must contain a short and plain statement setting forth sufficient facts that, if true, demonstrate the Court has subject-matter jurisdiction over the case. Fed. R. Civ. P. 8(a)(1); *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citation omitted).

Where, as here, a party invokes federal jurisdiction based upon diversity, "[t]hose allegations . . . must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at 1268. In this context, limited liability companies, such as the parties in this case, are "citizen[s] of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

On the facts alleged in Plum Creek's complaint, the Court is unable to determine the citizenship and diversity of the parties. While Plum Creek states that its principal place of business is in Colorado, it fails to plead the citizenship of each of its members.

Because it is unclear whether the Court has subject-matter jurisdiction over this case, it must defer ruling on Plum Creek's pending motion for default judgment against Next Cloud. *See Sec. and Exch. Comm'n v. Martin*, 2019 WL 1649948, at *2 (M.D. Fla. Apr. 1, 2019) (before granting default judgment, a court must "ensure that it has jurisdiction over the claims and parties"), *report and recommendation adopted*, 2019 WL 1643203 (M.D. Fla. Apr. 16, 2019); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy,* 242 F.3d 322, 324 (5th Cir. 2001) ("[W]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.") (quotation omitted).

In addition, to the extent Plum Creek intends to seek a default judgment against SkyiGolf, the Court notes that Rule 54(b) provides that, in any action involving multiple parties, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*." Fed. R. Civ. P. 54(b) (emphasis added). Thus, Plum Creek may wish to evaluate the propriety of pursuing separate default judgments against the two Defendants and as to fewer than all of its claims. Alternatively, Plum Creek should consider amending its current motion for default judgment (Doc. 18) to provide the

Court with a basis to find *"no just reason for delay"* to enter a default judgment on some, but not all, of Plum Creek's claims.

III.

In light of the above, the Court hereby ORDERS that, within fourteen (14) days of the date of this Order, Plum Creek shall file an amended complaint that lists the citizenship of each of its members.[1]

DONE and ORDERED in Tampa, Florida, this 20th day of November 2019.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record

---

[1] If Plum Creek elects to revise its FUFTA claims against Next Cloud and/or SkyiGolf to include a request for monetary damages (as Plum Creek indicates in its pending motion for leave to conduct discovery), it likewise may make such revisions in its amended complaint.