UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PLUM CREEK TECHNOLOGY, LLC,

      Plaintiff,

v.                                      Case No. 8:19-cv-1974-T-60CPT

NEXT CLOUD, LLC, and
SKYIGOLF, LLC,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      Before me on referral is Plaintiff Plum Creek Technology, LLC's (Plum Creek) amended motion for default judgment against Defendant Next Cloud, LLC (Next Cloud).  (Doc. 23).  With the benefit of oral argument and for the reasons discussed below, I respectfully recommend that Plum Creek's motion be granted in part and denied in part.

I.

      Plum Creek initiated this diversity action in August 2019, alleging that Next Cloud failed to make payments to it pursuant to a written consulting agreement between the parties, and that Next Cloud thereafter transferred its assets to Defendant SkyiGolf, LLC (SkyiGolf) when Next Cloud's relationship with Plum Creek soured.  (Doc. 1 at 2-7).  Based on these averments, Plum Creek asserted claims against Next

Cloud for breach of contract (Count I), quantum meruit (Count II), account stated (Count III), and for violating the Florida Uniform Fraudulent Transfers Act (FUFTA) (Count IV). *Id.* at 7-11. Plum Creek also asserted a FUFTA claim against SkyiGolf (Count V). *Id.* at 11-12. For relief, Plum Creek sought monetary damages against Next Cloud, as well as an injunction against both Defendants.

Neither Next Cloud nor SkyiGolf responded to Plum Creek's complaint. As a result, the Clerk of Court entered defaults against both Defendants in September 2019. (Docs. 14, 15). In response to Plum Creek's subsequent motion for a default judgment against Next Cloud (Doc. 18), the Court directed Plum Creek to file an amended complaint that more clearly outlined the basis for its claim of diversity jurisdiction (Doc. 20). In doing so, the Court noted that Plum Creek might "wish to evaluate the propriety of pursuing separate default judgments against [both] Defendants and as to fewer than all of its claims." *Id.* at 4-5. In support of this concern, the Court cited Federal Rule of Civil Procedure 54(b),[1] which authorizes courts to award such piecemeal relief "only if the court expressly determines that there is no just reason for delay." *Id.* at 4.

Plum Creek thereafter filed its amended complaint in late November 2019. (Doc. 21). In that revised pleading, Plum Creek sets forth substantially the same allegations and counts as asserted in its initial complaint but seeks only money

---

[1] Rule 54(b) states, in pertinent part, that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

damages against both Defendants.  (Doc. 21).  To cure the deficiencies in its earlier complaint, Plum Creek also provides details regarding the citizenship of each of the parties. *Id.*

Plum Creek now moves for a default judgment against Next Cloud with respect to its claims for breach of contract (Count I) and account stated (Count III).  (Doc. 23).  In support of this request, Plum Creek asserts that such relief is appropriate because both counts are for a sum certain, are capable of mathematical computation, and are supported by the affidavits of a Plum Creek managing member, Jason Talley, as well its attorney, E. Colin Thompson.  *Id.*  Plum Creek also argues that entering judgment as to only Counts I and III is authorized under Rule 54(b).  *Id.*

Neither Next Cloud nor SkyiGolf has responded to Plum Creek's motion, and the time for doing so has elapsed.  The matter is therefore ripe for the Court's consideration.

## II.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Once a Clerk's default has been entered, a plaintiff may apply to either the Clerk or the Court for a default judgment.  Fed. R. Civ. P. 55(b).

Before granting a default judgment, however, a court must "ensure that it has jurisdiction over the claims and parties."  *Sec. and Exch. Comm'n v. Martin*, 2019 WL

1649948, at *2 (M.D. Fla. Apr. 1, 2019), *report and recommendation adopted*, 2019 WL 1643203 (M.D. Fla. Apr. 16, 2019); *see also Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy,* 242 F.3d 322, 324 (5th Cir. 2001) ("[W]hen entry of judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.") (quotation omitted).

Once jurisdiction is established, the Court may enter default judgment if "there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).  The showing required in this context "is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim." *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (citing *Surtain*, 789 F.3d at 1245); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.").  Thus, a court looks to see whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  However, "while a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, [it] is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (internal alteration and quotation omitted).

If a claim for liability is adequately pleaded, the court must then assess its ability to measure damages.  To this end, the "court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award). "Rather than merely *telling* the Court in summary fashion what its damages are, a plaintiff seeking default judgment must *show* the Court what those damages are, how they are calculated, and where they come from." *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010).

If warranted, the court may conduct an evidentiary hearing on the damages issue.  Fed. R. Civ. P. 55(b)(2)(B).  Such a hearing is "not a *per se* requirement," however, and is not mandated where the sought-after damages amount is for a liquidated sum, is capable of mathematic calculation, or "where all essential evidence is already of record." *SEC v. Smyth*, 420 F.3d 1225, 1232, n.13 (11th Cir. 2005) (citing *S.E.C. v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)).

Finally, as noted above, where, as here, a default judgment is sought "as to one or more, but fewer than all, claims or parties," the court may grant such partial relief only if it "expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).

All of these considerations—jurisdiction, liability, damages, and the merits of entering a partial judgment under Rule 54(b)—are addressed in turn below.

III.

A.

Beginning with subject-matter jurisdiction, as the Court explained in its prior Order, when a plaintiff, such as Plum Creek, seeks to invoke diversity jurisdiction, the allegations in its complaint must address the citizenship of each party, so that the court can ensure that there is complete diversity between the parties.  (Doc. 20 at 3) (quoting *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013)).  In this context, "limited liability companies, such as the parties in this case, are 'citizen[s] of any state of which a member of the company is a citizen.'"  *Id.* (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004)).

Plum Creek's amended complaint contains sufficient allegations to meet the requirement of complete diversity.  28 U.S.C. § 1332; *Legg v. Wyeth,* 428 F.3d 1317, 1320 n.2 (11th Cir. 2005).  In particular, Plum Creek asserts that it is a Colorado limited liability company with members claiming citizenship in Georgia and Colorado.  (Doc. 21 at 2).  It further avers that both Next Cloud and SkyiGolf are Florida limited liability companies comprised of members who reside in and are citizens of Florida.  *Id.*

In addition to satisfying the complete diversity mandate, Plum Creek adequately alleges that the amount in controversy in this action exceeds the threshold jurisdictional sum of $75,000.  (Doc. 21 at 6, 8, 9); 28 U.S.C. § 1332.  As a result, I find that the Court has jurisdiction over Plum Creek's claims.

I also find that the Court has personal jurisdiction over the Defendants.  I note in this regard that the returns of service filed in this case evidence that both Defendants were properly served with the summons and complaint through their respective Registered Agents in accordance with Florida Statute § 48.062.  (Docs. 8, 9).

B.

Turning to the issue of liability, as noted above, Plum Creek seeks a default judgment with respect to its claims for breach of contract (Count I) and account stated (Count III).  To state a claim for breach of contract, a plaintiff must allege: (1) a valid contract, (2) a material breach of that contract, and (3) damages resulting from the breach.  *Marchisio v. Carrington Mort. Servs, LLC*, 919 F.3d 1288, 1313 (11th Cir. 2019).  To properly plead a claim for account stated, a plaintiff must aver there was "an express or implied agreement between the parties that a specified balance is correct and due," and that there was also "an express or implied promise to pay this balance."  *World Fuel Servs. (Singapore) Pte. Ltd. v. Happy Cruises SA*, 2012 WL 1252525, at *2 (S.D. Fla. Apr. 13, 2012) (quoting *Farley v. Chase Bank, U.S.A., N.A.*, 37 So. 3d 936, 937 (Fla. Dist. Ct. App. 2010)).  "A prima facie case for account stated, and by extension the defendant's liability [for such a cause of action], is established where the account statement has been 'rendered to and received by one who made no objection thereto within a reasonable time.'"  *Trinity Logistics, Inc. v. Flava Puff, LLC*, 2018 WL 4208206, at *3 (S.D. Fla. Apr. 23, 2018) (quoting *World Fuel Servs.*, 2012 WL 1252525, at *2); *see also* Fla. R. Civ. P. Form 1.933.

7

Plum Creek has adequately pleaded the required elements in its amended complaint for both its breach of contract and account stated claims.  (Doc. 21).  In particular, with respect to its breach of contract claim, Plum Creek alleges the existence of a written contract between it and Next Cloud for the provision of information technology consulting services; Next Cloud's breach of that agreement by failing to pay Plum Creek for the services it performed under the contract; and damages owed to Plum Creek by Next Cloud in the amount of $75,245.21 (as of the filing of the amended complaint).  (Docs. 21 at 2-6; 21-1).  With respect to its account stated claim, Plum Creek avers that it sent invoices to Next Cloud for the total sum of $75,245.21, and that Next Cloud did not object same.  *Id.* at 9.  These well-pleaded allegations, deemed admitted by Next Cloud's default, establish Next Cloud's liability as to Counts I and III.

## C.

On the matter of damages, an evidentiary hearing is unnecessary because, as detailed below, the damages amount Plum Creek seeks is a sum certain that is both subject to easy calculation and supported by the affidavits of Talley and Thompson. (Docs. 23-1, 23-2); *see also Clough v. McClure Constr. Co., LLC*, 2019 WL 1559661, at *2 (M.D. Fla. Mar. 25, 2019) ("A plaintiff may establish his or her damages by affidavit.") (citing *Adolph Coors*, 777 F.2d at 1544), *report and recommendation adopted sub nom. Clough v. McClure Constr. Co, LLC*, 2019 WL 1558667 (M.D. Fla. Apr. 10, 2019).

*1.   Actual Damages*

As to actual damages, Talley attests in his affidavit that Next Cloud was contractually bound to pay Plum Creek bi-weekly installments of $9,900, and that it was also obligated to pay Plum Creek's expenses and interest on any invoices that were not timely paid.  (Doc. 21-1 1-2, 3, 5).  Talley further attests that, pursuant to the parties' agreement, Next Cloud owes Plum Creek five bi-weekly installment payments totaling $49,500, plus expenses of $12,439.84, as well as interest and late fees amounting to $16,207.71.  (Doc. 23-1).  In light of this evidence, I find that Plum Creek is entitled to actual damages in the requested sum of $78,147.55.

*2.   Costs*

As the prevailing plaintiff, Plum Creek seeks an award of costs in addition to actual damages.  Rule 54 provides that a prevailing party may recover its costs, not inclusive of attorneys' fees.  Fed. R. Civ. P. 54(d)(1).  "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of [R]ule 54(d)." *Haughton v. SunTrust Bank, Inc.*, 403 F. App'x 458, 459 (11th Cir. 2010) (quoting *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)).  Generally, however, a district court may not award costs to a prevailing party under Rule 54 "in excess of those permitted by Congress under 28 U.S.C. § 1920."  *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)).  Section 1920 authorizes the recovery of the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and

witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation for court appointed experts and interpreter services.  28 U.S.C. §§ 1920(1)-(6).

As reflected in attorney Thompson's affidavit, Plum Creek seeks $460 in costs consisting of $400 for the Clerk's filing fee and $60 for service of process charges.  (Doc. 28-2).  These costs are properly taxable as "fees of the clerk and marshal" under section 1920.  *U.S. Equal Emp't Opportunity Comm'n v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) (holding that private process server costs are taxable under section 1920(1)).  As such, I find that Plum Creek is entitled to an award of costs in the requested amount.

### D.

Finally, I address whether the entry of a final default judgment as to only Counts I and III against Next Cloud is appropriate under Rule 54(b).  As noted previously, before entering a final judgment on fewer than all claims or parties involved, the court must decide whether "there is no just reason for delay."  Fed. R. Civ. P. 54(b).  The Eleventh Circuit has explained that, in making this decision, courts must employ the following two-step analysis:

> First, the [district] court must determine that its final judgment is, in fact, both "'final" and a "judgment."  That is, the court's decision must be "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action,' " and a " 'judgment' in the sense that it is a decision upon a cognizable claim for relief."  Second, having found that the decision was a final judgment, the district court must then determine that there is no "just reason for delay" in certifying it as final and immediately appealable.  This inquiry

is required because "[n]ot all final judgments on individual claims should be immediately appealable." The district court must act as a "dispatcher" and exercise its discretion in certifying partial judgments in consideration of "judicial administrative interests"—including "'the historic federal policy against piecemeal appeals'"—and "the equities involved."

*Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777–78 (11th Cir. 2007) (internal citations omitted).

Whether "there is no just reason for delay" under Rule 54(b) is a decision left to the sound discretion of the district court. *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F. 3d 162, 166 (11th Cir. 1997) ("We will not disturb the district court's assessment unless it was clearly unreasonable.") (citations omitted). That said, Rule 54(b) certifications "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Id.* (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)). The Eleventh Circuit has observed that "such circumstances will be encountered only rarely," and they have thus "counseled district courts to exercise the limited discretion afforded by Rule 54(b) conservatively." *Id.*

Here, I find that the requested partial default judgment sought by Plum Creek—which only disposes of its claims for breach of contract and account stated solely as to Next Cloud—does not satisfy either prong of the Rule 54(b) inquiry. I note in this regard that one of Plum Creek's remaining claims, for quantum meruit, is an alternative legal theory to both its breach of contract and account stated claims, and

seeks substantially the same relief for the same harm arising from the same set of facts as those counts.  As a result, the breach of contract and account stated claims are not "separately enforceable without mutually excluding or substantially overlapping with remedies being sought by" way of the quantum meruit claim.  *See Barnett v. MacArthur*, 715 F. App'x 894, 899-900 (11th Cir. 2017) (quoting *Lloyd Noland*, 483 F.3d at 780). It would therefore be improvident to resolve the breach of contract and account stated claims in a "final judgment," thereby conferring appellate jurisdiction over those causes of actions, "while the alternate theory for the same relief [under the quantum meruit count] remain[s] outstanding."  *Id.* at 901 (quoting *Lloyd Noland*, 483 F.3d at 781 and citing *Schexnaydre v. Travelers Ins. Co.*, 527 F.2d 855, 856 (5th Cir. 1976)); *see also Ebrahimi,* 114 F.3d at 167 ("[W]hen the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)").

I also note that, while the FUFTA claims against Next Cloud and SkyiGolf (Counts IV and V, respectively) are not based on alternative legal theories, those counts are predicated on factual allegations which are intertwined with and seek the same relief (i.e., the same money damages) as the breach of contract, quantum meruit, and account stated claims.

Given the overlapping nature of these causes of action, I do not find that there is no just reason for delay in entering a partial final judgment.  To the contrary, judicial economy and the interest in preventing piecemeal appeals counsel in favor of

withholding final judgment until there has been an adjudication of Plum Creek's remaining claims.

IV.

In light of the above, I recommend:

1.      Plum Creek's amended motion for a default judgment against Next Cloud (Doc. 23) be granted in part and denied in part.

2.      The Court find that Plum Creek is entitled to a default judgment against Next Cloud on Counts I and III.

3.      The Court defer entering a final judgment on Counts I and III, however, until it has adjudicated Counts II, IV, and V, or until Plum Creek voluntarily dismisses those remaining claims.

Respectfully submitted this 5th day of February 2020.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

<u>**NOTICE TO PARTIES**</u>

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal

13

conclusion(s) the District Judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).


Copies furnished to:
Honorable Thomas P. Barber, United States District Judge
Counsel of record