UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PLUM CREEK TECHNOLOGY, LLC,

      Plaintiff,

v.                               Case No. 8:19-cv-1974-T-60CPT

NEXT CLOUD, LLC, and
SKYIGOLF, LLC,

      Defendants.

_____/

**<u>REPORT AND RECOMMENDATION</u>**

      Before me on referral is Plaintiff Plum Creek Technology, LLC's (Plum Creek) motion for attorney's fees and costs against Defendant Next Cloud, LLC (Next Cloud). (Doc. 37). For the reasons discussed below, I respectfully recommend that Plum Creek's motion be granted in part and denied in part.

I.

      Plum Creek initiated this diversity action in August 2019, alleging that Next Cloud failed to make payments to it pursuant to the parties' written consulting agreement, and that Next Cloud thereafter transferred its assets to Defendant SkyiGolf, LLC when Next Cloud's relationship with Plum Creek soured. (Doc. l). In its operative complaint, Plum Creek asserted claims against Next Cloud for breach of

contract (Count I), quantum meruit (Count II), account stated (Count III), and for violating the Florida Uniform Fraudulent Transfers Act (Count IV).  (Doc. 21).

In March 2020, after Next Cloud failed to respond to Plum Creek's allegations and was the subject of a Clerk's default (Doc. 14), the Court granted Plum Creek's motion for a default judgment against Next Cloud with respect to Counts I and III. (Doc. 35).   The Court, however, reserved jurisdiction as to the merits of any subsequent motion by Plum Creek for attorney's fees and costs.  *Id.*  The Clerk of Court entered a default judgment against Next Cloud several days later.  (Doc. 36).

By way of its instant motion, Plum Creek now seeks an award of attorney's fees and costs, arguing that it is entitled to such relief under the terms of its contract with Next Cloud and as the prevailing party in this action.  (Doc. 37).  Next Cloud has not responded to Plum Creek's motion, and the time for doing so has elapsed.  The matter is therefore ripe for the Court's consideration.

## II.

### *Attorneys' Fees*

Federal courts sitting in diversity—as the Court is here—apply state substantive law and federal procedural law.  *McMahon v. Toto*, 256 F.3d 1120, 1131-32 (11th Cir. 2001), *modified on other grounds*, 311 F.3d 1077 (11th Cir. 2002).   The issue of entitlement to attorneys' fees is generally considered substantive and therefore governed by state law.  *See id*.

Florida follows the common law rule that "each party is responsible for its own attorneys' fees unless a contract or statute provides otherwise."  *Price v. Tyler*, 890 So.

2d 246, 251 (Fla. 2004) (quotation marks and citation omitted).  A party seeking to recover attorneys' fees under Florida law bears the burden of establishing a contractual or statutory right to such an award.  *Army Aviation Heritage Found. & Museum, Inc. v. Buis*, 504 F. Supp. 2d 1254, 1269 (N.D. Fla. 2007) (citing *Salisbury v. Spielvogel*, 451 So. 2d 974, 975 (Fla. Dist. Ct. App. 1984)).

In this case, as noted above, Plum Creek asserts that, as the prevailing party, it is entitled to recover attorneys' fees from Next Cloud under the parties' contractual agreement.  (Doc. 37).  That agreement states, in pertinent part:

> [Next Cloud] shall pay to [Plum Creek] all fees [for Plum Creek's consulting services] within fifteen (15) business days of the due date. Failure of [Next Cloud] to finally pay any fees within fifteen (15) business days after the applicable due date shall be deemed a material breach of this Agreement . . . [I]n the event of collection enforcement, [Next Cloud] shall be liable for any costs associated with such collection, including, but not limited to, legal costs, attorneys['] fees [and] court[] costs. . . .

(Doc. 37-1).

By its terms, this contractual language renders Next Cloud—the nonprevailing party—liable for the attorneys' fees incurred by Plum Creek in connection with this litigation.  *MWH Constructors, Inc. v. Brown & Brown Elec., Inc.*, 2018 WL 6807401, at *2 (S.D. Fla. Sept. 6, 2018) ("Under Florida law, attorney's fees may be awarded to the prevailing party pursuant to a contractual agreement authorizing their recovery.") (citing *Price*, 890 So. 2d at 250), *report and recommendation adopted*, 2018 WL 6807317 (S.D. Fla. Sept. 27, 2018).  The issue as to the amount of such fees, however, requires a more extended discussion.

3

Where, as here, "a fee-shifting . . . contract triggers a court-awarded fee, the trial court is constrained [under Florida law] in setting a fee that must be reasonable." *First Baptist Church of Cape Coral, Fla., Inc. v. Compass Const., Inc.*, 115 So. 3d 978, 982 (Fla. 2013); *MWH Constructors*, 2018 WL 6807401, at *2 (finding that plaintiff, as prevailing party, was entitled to recover "reasonable" attorneys' fees based on parties' agreement that defendant would reimburse "all of [plaintiff's] costs and damages, including attorney's fees, incurred as a result of [d]efendant's breach"). And, "[j]ust as a federal court must apply state law to determine whether a party is entitled to fees, it must also apply state law to resolve disputes about the reasonableness of fees." *Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1373 (M.D. Fla. 2010) (footnote omitted).

Courts in Florida use the "lodestar method" in calculating what is a reasonable fee amount. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 802 (11th Cir. 2014) (citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151-52 (Fla. 1985)). As its name suggests, the lodestar "method requires the court to determine a 'lodestar figure' by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney[s]." *Unum Life Ins. Co. of Am. v. Pawloski*, 2014 WL 3887513, at *1 (M.D. Fla. Aug. 7, 2014) (citing *Rowe*, 472 So. 2d at 1151). "The lodestar amount may then be adjusted to reach a more appropriate fee amount." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 2016 WL 3944033, at *3 (S.D. Fla. Jan.

15, 2016) (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir.

1988); *Rowe*, 472 So. 2d at 1151).

In determining the lodestar figure, the courts consider the following factors:

(1)   The time and labor required, the novelty and difficulty of the question(s) involved, and the skill requisite to properly perform the legal service(s).

(2)   The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

(3)   The fee customarily charged in the locality for similar legal services.

(4)   The amount involved, and the results obtained.

(5)   The time limitations imposed by the client or by the circumstances.

(6)   The nature and length of the professional relationship with the client.

(7)   The experience, reputation, and ability of the lawyer(s) performing the services.

(8)   Whether the fee is fixed or contingent.

*Rowe*, 472 So. 2d at 1150; *see also* Rule 4-1.5(b), Florida Rules of Professional Conduct;

*Ottaviano v. Nautilus Ins. Co.*, 717 F. Supp. 2d 1259, 1264 (M.D. Fla. 2010) (citing Rule

4-1.5; *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 830 n.3 (Fla. 1990)). The

object of the lodestar analysis is for the court to determine "'what a reasonable, paying

client would be willing to pay.'" *MWH Constructors*, 2018 WL 6807401, at *2 (quoting

5

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 184, 190

(2d Cir. 2008) (court must "step[ ] into the shoes of the reasonable, paying client, who

wishes to pay the least amount necessary to litigate the case effectively")).

The fee applicant bears the burden of proving the reasonableness of both the

hourly rates sought and the amount of time expended.  *Rowe*, 472 So. 2d at 1151;

*Norman*, 836 F.2d at 1303.  To satisfy the latter requirement, "the attorney fee applicant

should present records detailing the amount of work performed" and should "claim

only those hours that he [or she] could properly bill to his [or her] client."  *Rowe,* 472

So. 2d at 1150.

As the Supreme Court has made clear, however, "trial courts need not, and

indeed should not, become green-eyeshade accountants.  The essential goal in shifting

fees (to either party) is to do rough justice, not to achieve auditing perfection.  So trial

courts may take into account their overall sense of a suit and may use estimates in

calculating and allocating an attorney's time."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).

"Ultimately, the computation of a fee award is necessarily an exercise of

judgment, because '[t]here is no precise rule or formula for making these

determinations.'"  *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001)

(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).  In making this calculation,

the court is not tethered to the parties' submissions.  Instead, as the court "'is itself an

expert on the question [of attorneys' fees, it] may consider its own knowledge and

experience concerning reasonable and proper fees and may form an independent

judgment either with or without the aid of witnesses as to value.'" *Norman*, 836 F.2d at 1303 (quotation and citations omitted).

In this case, Plum Creek was represented by the law firm of Smolker Barlett Loeb Hinds & Thompson, P.A. (SBL) and claims to have incurred attorneys' fees totaling $12,341.00. (Doc. 37-2). In support of its fee claim, Plum Creek submits the declaration of one of its lawyers, E. Colin Thompson (Doc. 37-2), along with SBL's billing records (Doc. 37-3).

The requested hourly rates, hours expended, and fee amounts Plum Creek seeks are summarized in the chart below:

| Attorney/Paralegal | Hourly Rate | Hours Expended | Fees |
|---|---|---|---|
| E. Colin Thompson (ECT), Partner | $400 | 8.6 | $3,440.00 |
| Mitchell A. Schermer (MAS), Associate | $285 | 28.6 | $8,151.00 |
| Madeleine C. Vaughan (MV), Associate | $225 | .5 | $112.50 |
| Heather A. Wilfong (HW), Paralegal | $175 | .9 | $157.50 |
| Kathryn K. Turley (KKT), Paralegal | $150 | 3.2 | $480.00 |
| TOTAL | | 41.8 | $12,341.00 |

(Doc. 37-2).

Based upon my review of SBL's billing records, I find that the attorneys' fee amount sought by Plum Creek is largely reasonable.

### A.     Reasonableness of Hours Expended

As noted above, the lodestar process first requires a determination of the number of hours reasonably expended on the litigation.  *Rowe*, 472 So. 2d at 1150. "'Reasonably expended' means the time that ordinarily would be spent by lawyers in the community to resolve this particular type of dispute."  *Thermoset*, 2016 WL 3944033, at *5 (quoting *Centex-Rooney Constr. Co. v. Martin Co.*, 725 So. 2d 1255, 1258 (Fla. Dist. Ct. App. 1999)).  The courts have the discretion in this regard to reduce the number of hours claimed to account for services that were excessive, unnecessary, or inadequately documented.  *Rowe*, 472 So. 2d at 1150*; Norman*, 836 F.2d at 1301.

According to SLB's billing records, the services performed in this case included: (i) preparing the complaint; (ii) performing legal research and drafting a motion for a temporary restraining order; (ii) preparing service documents and coordinating with the process server; (iii) compiling and submitting Plum Creek's certificate of interested persons and corporate disclosure statement; (iv) preparing motions for Clerk's defaults and two motions for a default judgment; (v) conducting telephone conferences with the client; (vi) attending a hearing on the motion for a default judgment; and (vii) reviewing Court orders.  (Doc. 37-3).

Beginning with the time expended by the three SLB attorneys involved with this case, I note as an initial matter that SBL has exercised billing judgment by eliminating or reducing certain time entries for attorneys Thompson and Schermer. Indeed, several are listed in the billing records as "No Charge," and, for a two-hour

8

entry on September 13, 2019, the firm provided a 50% discount.  (Doc. 37-3).  As a result of these voluntary reductions, four hours of attorney time are not being sought.

The remaining time spent on this case by SBL's lawyers is reasonable, with the exception of the following time entry for attorney Vaughan.

| 12/3/2019 | MV | Attend hearing regarding motion for default and motion for discovery in aid of execution | .5 | $112.50 |
|-----------|-----|--------------------------------------------------------------------------------------------|-----|---------|

According to SBL's billing records, attorney Schermer—who appears to be SBL's lead associate on the case—attended the same hearing on these matters.  And Plum Creek offers no reason why it was necessary for Vaughan—who does not appear to have otherwise worked on this action—to also have been present at the hearing.

Turning to the time expended by the paralegals, the general rule is that "[f]ees for paralegal work are recoverable 'to the extent that the paralegal performs work traditionally done by an attorney.'"  *Gowen Oil Co. v. Abraham*, 511 F. App'x 930, 936 (11th Cir. 2013) (quoting *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988)).  "By contrast, work that is clerical or secretarial in nature is not separately recoverable."  *MWH Constructors*, 2018 WL 6807401, at *4 (quoting *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (internal quotations marks omitted)).

Here, by my consideration, some of the paralegal's entries amount to clerical or secretarial work and, as such, are noncompensable.  *Strickland v. Air Rescue Air Conditioning, Inc.*, 2016 WL 11581971, at *4 (M.D. Fla. Aug. 25, 2016) (finding certain paralegal work nonrecoverable because it was "clerical or secretarial" in nature, "including contacting court reporters, calendaring deadlines, gathering and copying

9

documents, preparing binders and exhibits, and filing and mailing documents")
(citations omitted), *report and recommendation adopted*, 2016 WL 11581970 (M.D. Fla.
Sep. 12, 2016).   Those entries—which mainly pertain to the ministerial tasks of
communicating with the process server and calendaring deadlines—are as follows:

| 8/13/2019 | KKT | Draft email to process server transmitting Summons, Complaint and Motion for Temporary Injunction to be served on Defendants | .3 | $45.00 |
| 8/14/2019 | KKT | Email correspondence with process server regarding Summons for Next Cloud LLC (0.2); Receipt and review of Notice of Designation Under Local Rule 3.05 and calendar deadlines (0.4). | .6 | $90.00 |

Based upon my review of the billing records, the remainder of the time spent
by the paralegals is reasonable.

B.       *Reasonableness of Hourly Rates*

As noted above, "[t]he second part of the lodestar equation requires the court
to determine a reasonable hourly rate for the services of the prevailing party's counsel."
*Pawloski*, 2014 WL 3887513, at *2; *see also Rowe*, 472 So. 2d at 1150-51 (discussing
factors relevant to the hourly rate evaluation).   After careful evaluation of the relevant
factors here, I find that the requested hourly rates for the attorneys set forth in the
above summary chart are reasonable and appropriate.   In arriving at this conclusion,
I have given due attention to the declaration of attorney Thompson, fee awards in
comparable cases in the relevant legal community, and my own knowledge and
experience concerning reasonable and proper fees.   The hourly attorney rates sought—

ranging from $400 for partners to $225 for associates—are consistent with those charged for similar work in this geographic area.

The requested hourly rates for the two paralegals—i.e., $175 and $150—require a modest reduction, however.  A review of the case law reveals that the median hourly rate for paralegals in Florida is $125.  *HealthPlan Servs., Inc. v. Dixit*, 2019 WL 7041837, at *4 (M.D. Fla. Dec. 20, 2019) (noting that a recent "Florida Bar survey found $125 is the median hourly rate for paralegals") (citing Florida Bar's 2018 Economics and Law Office Management Survey published in March 2019[1]); *see also Johnson v. Borders*, 2019 WL 8105907, at *6 (M.D. Fla. June 19, 2019), *report and recommendation adopted as modified sub nom. Johnston v. Borders*, 2019 WL 8105896 (M.D. Fla. July 30, 2019) (reducing two paralegals' hourly rates to $135 and $110, respectively); *Pena v. RDI, LLC*, 2019 WL 3017574, at *1 (M.D. Fla. July 10, 2019) (finding hourly rate of $105 for paralegal work in Fair Labor Standards Act case to be reasonable); *Wentz v. Project Veritas*, 2019 WL 3084928, at *2 (M.D. Fla. May 31, 2019), *report and recommendation adopted*, 2019 WL 3083154 (M.D. Fla. July 15, 2019) (reducing paralegal hourly rate to $95 from the requested rate of $190), *appeal dismissed*, 2019 WL 5250681 (11th Cir. Aug. 21, 2019).  While there are instances in which courts have found hourly rates of $150 or more for paralegals to be reasonable, those cases generally involved complex litigation or very experienced paralegals.  *See, e.g., Suncoast Waterkeeper v. City of St.*

---

[1] *See* Results of the 2018 Economics and Law Office Management Survey, Florida Bar (Mar. 2019), available at https://www-media.floridabar.org/uploads/2019/03/2018-Economics-Survey-Report-Final.pdf.

*Petersburg*, 2020 WL 1512486, at *6 (M.D. Fla. Mar. 30, 2020) (finding paralegal rate of $150 per hour reasonable in complex civil litigation); *Fucillo v. Century Enters., Inc.*, 2020 WL 1431714, at *6 (M.D. Fla. Jan. 15, 2020), *report and recommendation adopted sub nom. Fuccillo v. Silver*, 2020 WL 897989 (M.D. Fla. Feb. 25, 2020) (reducing paralegal hourly rate to $175 in Lanham Act case); *Rabco Corp. v. Steele Plaza, LLC*, 2019 WL 5188601, at *9 (M.D. Fla. July 29, 2019), *report and recommendation adopted,* 2019 WL 5176284 (M.D. Fla. Aug. 13, 2019) (awarding $150 hourly rate to paralegal in light of her twenty years of experience and lack of opposition to such rate).

In this case, Plum Creek's submissions do not provide any information regarding the skill level, training, or experience of the two paralegals. In the absence of such evidence and given the nature of the claims asserted in this case, I find that an hourly rate of $125 for both paralegals is reasonable. As noted, this rate is consistent with the median rate found in the Florida Bar's most recent economic survey.

Taking into account the above downward adjustments, the reasonable hourly rates multiplied by the number of hours reasonably spent on this case results in the following lodestar amount (by individual and in total):

| Attorney/Paralegal | Hourly Rate | Hours Expended | Fees |
|---|---|---|---|
| E. Colin Thompson, Partner | $400 | 8.6 | $3,440.00 |
| Mitchell A. Schermer, Associate | $285 | 28.6 | $8,151.00 |
| Heather A. Wilfong, Paralegal | $125 | .9 | $112.50 |
| Kathryn Turley, Paralegal | $125 | 2.3 | $287.50 |
| TOTAL | | 39.4 | $11,991.00 |

Plum Creek has not identified, nor am I aware of, any basis to adjust this lodestar figure.

III.

*Costs*

The amount and nature of costs to be awarded is governed by federal law, even in diversity cases such as this one. *See Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir. 1983) (reversing district court order taxing costs in excess of those authorized under federal statute in diversity action); *Diperna v. GEICO Gen. Ins. Co.*, 2016 WL 7246094, at *8 (M.D. Fla. June 27, 2016) (noting that "federal law generally determines what costs may be awarded to a prevailing party in federal court, even when a federal court exercises diversity jurisdiction"); *Kearney v. Auto-Owners Ins. Co.*, 2010 WL 3062420, at *2 (M.D. Fla. Aug. 4, 2010) (applying the traditional rule that federal law governs costs even on state law claims because costs are generally viewed as a procedural matter).

The relevant provision of federal law is Federal Rule of Civil Procedure 54(d), which states that costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statute, federal rule, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). This rule creates a presumption in favor of awarding costs to the prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). Because Plum Creek is the prevailing party here, it is entitled to costs.

13

Section 1920 of Title 28, United States Code, dictates the costs that can be taxed to the losing party.  Those costs are: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreter services.  28 U.S.C. § 1920.  The party seeking taxation bears the burden of proving entitlement to these enumerated costs.  *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

In this case, Plum Creek seeks reimbursement of a total of $460 in costs, consisting of the $400 filing fee it paid to initiate this action as well as the $60 it paid to the process server.  (Doc. 37 at 3).  As these costs are properly taxable under section 1920, I recommend that the Court award them.

IV.

In light of the above, I recommend:

1.      Plum Creek's motion for attorney's fees and costs against Next Cloud (Doc. 37) be granted in part and denied in part; and

2.      The Court award Plum Creek attorneys' fees in the amount of $11,991 and costs in the amount of $460.

14

Respectfully submitted this 3rd day of June 2020.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).


Copies to:
Honorable Thomas P. Barber, United States District Judge
Counsel of record